UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., | ) | C/A No. 5:15-cv-00162-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Tim Riley; | ) | |
| DHO Turner; | ) | |
| Lt. Lawrence Lavigne; | ) | |
| Sgt. Connors; | ) | |
| Captain Barry Tucker, | ) | |
| | ) | |
| Defendants. | | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

In the Complaint under review,[1] Billy Lee Lisenby, Jr. ("Plaintiff") alleges that, on January 31, 2013, Defendants Lavigne, Connors, and Tucker conducted a shakedown of

---

[1] Plaintiff submitted an essentially blank, but signed, court-approved complaint form that refers to an attached self-prepared document for all substantive allegations. The blank but signed complaint form was docketed as the "Complaint." ECF No. 1. The attached document containing the substantive allegations was docketed as a "Supplemental Complaint." ECF No. 1-1. Citations in this Report to Plaintiff's allegations are to their location in ECF No. 1-1. Legally, the blank but signed form and all attachments thereto constitute the Complaint for purposes of this court's initial review. *Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202-03 (4th Cir. 2001) (attached exhibits are integral parts of the pleading for purposes of motions to dismiss).

Plaintiff's living quarters at Tyger River Correctional Institution and prepared an incident report charging him with three disciplinary violations: 1) unauthorized inmate organization activity or participation in a Security Threat Group ("STG") or STG activity; 2) possession of a weapon; 3) possession of contraband. ECF No. 1-1 at 2. Plaintiff further alleges that Defendant DHO Turner ("the DHO") conducted a disciplinary hearing that Plaintiff attended on February 13, 2013, found Plaintiff guilty of all three charges, and imposed non-goodtime-related sanctions (disciplinary detention and loss of canteen, visitation, and telephone privileges) against Plaintiff. *Id*. Plaintiff states that the sanctions imposed did not include any taking of accrued good-time credits, *id*, but he alleges that his due-process rights "under the *Wolff*,"[2] and his equal-protection rights and right against cruel and unusual punishment were violated when the hearing was conducted and convictions entered because he had already been before a hearing officer and convicted of another disciplinary violation following a hearing that was held on February 11, 2013. *Id*. at 3.

In the introductory portion of his pleading, Plaintiff references the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and federal statutes: 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 28 U.S.C. § 1343, *id*. at 1, impliedly invoking these provisions of federal law as the basis for his purported legal claims against Defendants. According to Plaintiff, his constitutional rights were violated when DHO Turner conducted the February 13th hearing and entered the additional three convictions because those actions violated a South Carolina Department of Corrections ("SCDC") internal policy: "OP 22.14." *Id*. Plaintiff identifies himself as "an inmate who habitually commits non-assaultive offenses," and alleges

---

[2] Although he does not provide a legal citation, it is reasonable to assume that Plaintiff is referring to the United States Supreme Court's opinion in *Wolff v. McDonnell*, 418 U.S. 539 (1974).

that under OP 22.14 SCDC officials are not supposed to hold more than one formal disciplinary hearing per month to adjudicate charges imposed against prisoners "who habitually commit non-assaultive offenses . . . ." *Id*. Instead, according to Plaintiff, any other incidents that are caused by "inmates in special management unit and maximum security unit . . . who habitually commit non-assaultive offense . . ." are supposed to be "disposed of [informally] by utilizing SCDC Form 19-29 A." *Id*. Plaintiff also alleges that the DHO did not read the STG material that he was convicted of possessing into the record at the hearing; that another prisoner had a disciplinary violation conviction dismissed "because he had been to the D.H.O. once for the month of Feb. 2013," *id*.; and that he (Plaintiff) "did nothing to be removed," but was removed from the February 13th hearing when he asked the DHO for a grievance form. *Id*. at 4. Plaintiff requests damages and injunctive relief. ECF No. 1-1 at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is

3

evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

As an initial matter, the Fourth Circuit Court of Appeals has recently held that when a district court reviews a complaint to determine if plausible claims within the court's subject-matter jurisdiction are stated, "[a]llegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey v. Jones*, 706 F.3d 379, 386 (4th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The United States Supreme Court has determined that, while a court conducting the plausibility review of a complaint is required to accept as true all facts alleged, it is not required to accept as true any legal conclusions contained in the pleading. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Roudabush v. Belk*, No. 3:11CV255-GCM, 2011 WL 8318346 (W.D.N.C. Aug 8, 2011), *aff'd*, 465 F. App'x 242 (4th Cir. 2012) (*Twombly/Iqbal* pleading standards apply to pro se complaints).

A.  Due Process

Liberally construing Plaintiff's Complaint, he makes the following factual allegations to support his legal conclusion that his "due-process rights under *Wolff*" were violated: the DHO failed to adhere to OP 22.14; the DHO failed to read STG material into the record at the February 11, 2013 hearing; and the DHO removed Plaintiff from the hearing when he asked for a grievance form. ECF No. 1-1 at 3. The undersigned finds that Plaintiff has not stated a plausible § 1983 due-process claim.

In *Wolff v. McDonald,* the United States Supreme Court established minimal procedural due-process standards for prison disciplinary violation proceedings that may result in a sanction of loss of accrued good-time credits or solitary confinement. 418 U.S. at 571 n.19. Under *Wolff*, in such proceedings, a prison inmate has 1) the right to advance written notice of the charges against him; 2) the right to call witnesses and present documentary evidence in defense of the charges to the extent that institutional order and safety is not compromised, and 3) the right to receive a written statement of the findings of the hearing officer. *Id*. at 565-67; *see also Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004) (defining the *Wolff* requirements). The Court has also found the same minimal procedural due-process protections to be required when a disciplinary sanction violates a prisoner's "liberty interests" by imposing "atypical hardships" on him or her. *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (a change in a prisoner's conditions of confinement that does not exceed the scope of the original sentence gives rise to a federally protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Here, Plaintiff claims that the sanctions ordered by DHO Turner—which included periods of disciplinary detention and loss of telephone, visitation, and canteen privileges—imposed "atypical hardships" on him. ECF No. 1-

1 at 4. However, the sanctions ordered do not support the legal conclusion that Plaintiff suffered "atypical hardships." It is settled that a prisoner's due-process rights are not implicated by the imposition of such sanctions. *See, e.g.*, *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (an inmate's commissary restrictions "do not implicate due process concerns); *White v. Keller*, 438 F. Supp. 110, 115 (D. Md. 1977) ("there is no constitutional right to prison visitation"); *United States v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996) (no constitutional right to the use of a phone while in prison); *Hall v. McCabe*, No. 8:11-1317-TLW-JDA, 2011 WL 5083219, *2 (July 8, 2011), *adopted*, 2011 WL 5082201 (D.S.C. Oct 25, 2011) (disciplinary detention does not violate due process); *Goodwin v. Schwartz*, No. 8:10-1760-CMC-BHH, 2010 WL 3489092 (Aug. 11, 2010) (canteen access is not a protected liberty interest), *adopted*, 2010 WL 3489097 (D.S.C. Sept. 1, 2010).

Applying the *Wolff* standards to the disputed disciplinary violation proceeding, Plaintiff's factual allegations fail to state a plausible due-process claim. Plaintiff's allegations show that he was given advance written notice of the three disciplinary charges through the January 31st incident report that he refers to in his pleading, and he does not allege that he was prevented from offering witnesses or documentary evidence in defense of the charges or that the DHO failed to provide a written report of his findings relative to Plaintiff's guilt of the charges. All that is specifically alleged is that the DHO did not follow OP 22.14 in Plaintiff's case and that Plaintiff was removed from the hearing for some undisclosed period of time. The law is settled that factual allegations that a prison employee or official did not follow the institution's policies or procedures, standing alone, does not amount to a constitutional violation. *See Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due-

6

process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983; no obligation to be found guilty of crime before going to administrative segregation). Furthermore, in absence of any allegation that there was no evidence at all to support the three convictions, Plaintiff's allegations that the DHO did not "read the STG material [that Plaintiff was convicted for possessing] onto the record," ECF No. 1-1 at 3, fail to state a plausible due-process claim. *See Warren v. Byars*, No. 6:12-cv-03187-DCN, 2014 WL 1315122 (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985) for proposition that hearing officer's findings must be supported only by "some evidence," not "substantial evidence"). The same is true of Plaintiff's allegation that "[t]he D.H.O. violated OP 22.14 Section 14.1 by removing [Plaintiff] from the hearing for asking for a grievance form so he can appeal." ECF No. 1-1 at 4. Although Plaintiff conclusorily alleges that the subject removal was "for no reason," *id.*, he provides no other facts about the circumstances surrounding the alleged removal. Again, as stated previously, general allegations of violations of prison policies or regulations do not state plausible due-process claims. *See Gormley v. Patton*, No. 07-CV-92-HRW, 2007 WL 2460946, at *4 (E.D. Ky. Aug. 24, 2007) (prisoners have no constitutional right under *Wolff* and its progeny to be physically present at a disciplinary hearing; prison regulation indicating that prisoner "has the right to be present throughout the DHO hearing . . . ," does not create a constitutional due-process right of physical presence at disciplinary hearings). In absence of other factual allegations that would support a reasonable inference that Plaintiff's removal from the hearing deprived him of the opportunity to present a defense to the charges or that the removal was not an action taken within the DHO's discretionary authority to move the hearing along or prevent unnecessary disruption of the proceedings, no plausible due-process claim is stated. *See Brown v.*

7

*Braxton*, 373 F.3d at 505-09 (recognizing hearing officers' considerable discretion in managing disciplinary hearing process to avoid excessive disruption and security problems); *see also Young v. Hoffman*, 970 F.2d 1154, 1156 (2d Cir. 1992) (citing *Freeman v. Rideout*, 808 F.2d 949, 953-54 (2d Cir. 1986)) (any right of prisoner to be present at a disciplinary hearing may be limited by "institutional safety or correctional goals); *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1989) (no absolute right for prisoner to be present throughout hearing);. *Cf. Gay v. Grant*, 81 F.3d 149 (4th Cir. 1996) (unpublished; No. 95-6801) (hearing officer does not violate a prisoner's due-process rights by "cutting [a] hearing short" when prisoner was being disruptive); *Clark v. Dannheim*, No. 02-CV-6525L, 2011 WL 2973687, at *1 (W.D.N.Y. July 21, 2011) (hearing officer does not violate a prisoner's due-process rights by ordering him removed from a hearing for being disruptive).

    B.  Equal Protection

Despite Plaintiff's stated legal conclusion that his "equal protection rights were violated . . . ," ECF No. 1-1 at 3, his factual allegations do not support that conclusion. No plausible equal-protection claim is stated because there are no allegations that Plaintiff was treated differently from another similarly situated person or that, even if treated differently from such a person, the unequal treatment was the result of intentional or purposeful discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2000).

Even though Plaintiff alleges that another prisoner's disciplinary violation charge for "threaten" was dismissed "because he had been to the D.H.O. once for the month of Feb. 2013," ECF No. 1-1 at 3, there are no allegations that Plaintiff is similarly situated to that other prisoner or that any difference between Plaintiff's treatment and the other prisoner's treatment was caused by intentional discrimination. *See, e. g.*, *Martin v. Byars*, No. 4:13-cv-1016 DCN, 2013 WL

8

5525088 (D.S.C. Oct. 3, 2013) (summarily dismissing pro se complaint upon finding that complaint failed to allege that defendant treated the plaintiff differently from any other similarly situated inmate); *Dixon v. Bryant*, No. 3:11-2976-JFA-JRM, 2011 WL 7092655 (Dec. 6, 2011) (summarily dismissing complaint because pretrial detainee failed to allege he was treated differently from other similarly situated persons), *adopted*, 2012 WL 220241 (D.S.C. Jan. 24, 2012); *Whitefield v. Brown*, No.10-2730-HFF-PJG, 2011 WL 4965458, at *4 (D.S.C. April 18, 2011) (summarily dismissing prisoner complaint that failed to allege that the defendant had no rational basis for treating inmates differently and no allegation showing that other inmates were similarly situated to the plaintiff).

Furthermore, Plaintiff's allegations that another prisoner had one disciplinary violation charge dismissed (possibly in reliance on the provisions of OP 22.14 though this is not specifically alleged), whereas Plaintiff did not have his three disputed charges dismissed do not support a reasonable inference of intentional discrimination or arbitrary or capricious agency action based on inconsistent enforcement of that SCDC policy. Federal courts have long recognized the need for deference to prison officials' discretionary application of internal regulations in matters involving discipline and safety, and have determined that occasional failure to apply a prison rule or regulation exactly the same way to all inmates does not violate the United States Constitution. *See Washington v. United States*, 401 F.2d 915, 925 (1968) (lax enforcement of a policy is not sufficient to establish discriminatory purpose); *Thornburgh v. Abbott*, 490 U.S. 401, 416-17 n.15 (1989) (citing *Turner v. Safely*, 482 U.S. 78, 90-92 (1987)) (inconsistent results in application of prison regulation on publication "are not necessarily signs of arbitrariness or irrationality"); *Hayes v. Tennessee*, 424 F. App'x 546, 552-54 (6th Cir. 2011); s*ee also Henry Ford Health Sys. v. Shalala*, 233 F.3d 907, 912 (6th Cir. 2000) (stating

9

"inconsistent application of a regulation is often a hallmark of arbitrary or capricious agency action . . . ," but finding agency action was not arbitrary or capricious); *Prison Legal News v. Stolle*, No. 2:13cv424, 2014 WL 6982470, at *8 n.6 (E.D. Va. Dec. 8, 2014) (citing *Couch v. Jabe*, 737 F. Supp. 2d 561, 569 (W.D. Va. 2010) and recognizing in the equal-protection area that "[t]here appears to be some legal support for the proposition that inconsistent application of a prison policy may serve to undercut the claimed link between the policy and the asserted penological goal.").[3]

### C. Eighth Amendment

Additionally, despite Plaintiff's broadly stated legal conclusion that "the defendants without just cause, did cause and conspire to cause, unnecessary pain and did so inflict cruel and unusual punishment to plaintiff," ECF No. 1-1 at 4, the undersigned finds Plaintiff has not stated a plausible Eighth-Amendment claim against any Defendant. There are no factual allegations that would support a reasonable inference that any of the five named Defendants acted with deliberate indifference to Plaintiff's safety and welfare or that any of them violated any of Plaintiff's constitutional rights. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (plausible Eighth-Amendment "prison condition" claims require a factual showing of both "serious" objective conditions and subjective intent of prison officials to expose prisoner to a serious risk of harm); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (same); *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (prisoner must show "a serious or significant physical or emotional injury resulting from the challenged conditions"); *Williams v. Griffin*, 952 F.2d 820, 824 (4th

---

[3] *But see, e.g., Airmark Corp. v. FAA*, 758 F.2d 685, 692-95 (D.C. Cir. 1985) (addressing FAA's inconsistent application of decisional criteria in grant or denial of exemptions under certain FAA regulations and finding agency action arbitrary); *United States v. Diapulse Corp.*, 748 F.2d 56, 61-62 (2d Cir. 1984) (addressing FDA's inconsistent treatment of producers of two similar medical devices; agency acted arbitrarily).

Cir. 1991) (objective conditions must rise to the level of a such as food, warmth, or exercise). First, there are no factual allegations showing personal involvement of Defendant Warden Riley in anything related to the disciplinary violation hearing that is the subject of this Complaint, and Riley cannot be held liable for other prison employees' actions simply based on his status as the overall supervisor of prison employees at Tyger River Correctional Institution. *See Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002) (no vicarious liability in § 1983 cases; personal involvement or actual or constructive knowledge of subordinates' constitutional violations and deliberate failure to act to correct them required); *Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14CV372–HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading). Second, there are no allegations showing personal involvement of Defendants Lavigne, Connors, or Tucker in anything related to the disputed disciplinary hearing and resulting convictions. Plaintiff does not contest the constitutionality of the shakedown, the sufficiency of the incident report, or the notice of the disciplinary violation charges that it provided. Plaintiff's minimal allegations about Defendants' limited involvement in the circumstances leading to the disputed hearing and convictions show neither serious objective conditions nor subjective intent on these Defendants' part to harm Plaintiff in any way. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (to state a plausible § 1983 claim against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued). Third, as stated above, none of the factual allegations about the DHO's February 13, 2013 consideration and disposition of the disciplinary charges against Plaintiff rises to the level of a

constitutional violation, much less to the level of deliberate indifference to Plaintiff's safety or other important physical needs.

### D. Other Asserted Claims

Furthermore, because there are no allegations of any actionable racial discrimination, no plausible claims under 42 U.S.C. § 1981 or § 1985 are stated against any Defendant. *See Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (§ 1985); *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 69 (6th Cir. 1985) (§ 1981). And, because no plausible constitutional-violation claim is stated against any individual Defendant, Plaintiff's factual allegations are insufficient to state any plausible § 1985 or § 1986 "conspiracy" claims against any Defendant. *See Simmons v. Poe*, 47 F.3d at 1377 (conclusory allegations of a conspiracy are insufficient to support a § 1985(3) claim); *Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003) (§ 1986 is derivative of § 1985; if no plausible § 1985 claim is stated, there is not plausible § 1986 claim); *see also Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996) (sufficiency of allegations and proof of a § 1985 conspiracy claim is a "weighty burden"); *Martin v. Byers*, 581 F. App'x 225, 226 (4th Cir.) (same; summary dismissal case), *cert. denied*, 135 S. Ct. 487 (2014). Also, Plaintiff's citation to 28 U.S.C. § 1343 in his introductory paragraph does not state a plausible claim for relief because that federal jurisdictional statute does not provide a private civil right of action to any litigant. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980); *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 892 (11th Cir. 2007); *Moore v. Birmingham Pub. Library*, No. 2:12-cv-2517-AKK, 2013 WL 1498974, *3 n.1 (N.D. Ala. April 9, 2013).

E.  Official Capacity

Finally, insofar as Plaintiff's allegations could be liberally construed as attempts to state official-capacity claims against any of the SCDC-employee Defendants despite the absence of a specific reference to such claims in the pleading, any such claims are barred by the Eleventh Amendment. A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and the State of South Carolina has not consented to be sued in this case. *See* S.C. Code Ann. § 15-78-20(e). The United States Supreme Court has long held that the Eleventh Amendment precludes federal lawsuits against a state filed by one of its own citizens. *See Edelman*, 415 U.S. at 662-63. This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because each of the named Defendants was an agent or employee of the State of South Carolina when acting in his or her official capacity in connection with the imposition of the three disputed prison disciplinary convictions involved in this case, he or she is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). As an arm of the State of South Carolina, all five Defendants, in their official capacities, are immune from suit under the Eleventh Amendment and, therefore, no plausible §§ 1981, 1983, 1985, or 1986 official-capacity claims are stated in Plaintiff's Complaint. In absence of sufficient factual allegations to state any facially plausible constitutional-violation claim against any Defendant, Plaintiff's Complaint should be summarily dismissed without issuance of service of process in this case.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

February 25, 2015                                                                    Kaymani D. West
Florence, South Carolina                                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).